IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.  )<br>)<br>JAMES VANCE,  )<br>)<br>Defendant.  )<br>)<br>) | Criminal Case No.: 20-347 |

**DEFENDANT'S MOTION TO VACATE ORDER STAYING RELEASE FROM DETENTION**

Filed on behalf of Defendant:
James Vance

William J. Theisen, Esquire
Pa. I.D. #328013
Worgul, Sarna & Ness, LLC
429 Fourth Ave, Suite 1700
Pittsburgh, PA  15219
(412) 862-0347 - office
(412) 402-5000 - fax

Samir Sarna, Esquire
Pa. I.D. #310372
Worgul, Sarna & Ness, LLC
429 Fourth Ave, Suite 1700
Pittsburgh, PA  15219
(412) 862-0347 - office
(412) 402-5000 - fax

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Case No.: 20-347 |
| | ) | |
| JAMES VANCE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## **DEFENDANT'S MOTION TO VACATE ORDER STAYING RELEASE FROM DETENTION**

AND NOW, comes Defendant, James Vance ("Mr. Vance"), by and through his attorneys William J. Theisen, Esq., Samir Sarna, Esq., and the law firm of Worgul, Sarna & Ness, Criminal Defense Attorneys, LLC, and files the within Motion to Vacate Order Staying Release from Detention, and in support avers the following:

1. On or about November 19, 2020, Mr. Vance was arrested in Newark, New Jersey, as a result of an Indictment returned by a Grand Jury empaneled in the Western District of Pennsylvania, at the above-captioned criminal docket.

2. Subsequently, U.S. Magistrate Judge Joseph A. Dickson, sitting in the District of New Jersey, following a detention hearing, ordered that Mr. Vance be released on $100,000 unsecured bond, with conditions including home detention and location monitoring.

3. On November 20, 2020, the Government filed an Emergency Motion for a Stay and Revocation of Release Order pursuant to 18 U.S.C. § 3145(a), seeking a stay or

        revocation of Judge Dickson's order releasing Mr. Vance prior to trial. (ECF Doc. No. 149).

4. Subsequently, this Honorable Court granted the motion, and Mr. Vance is ordered to be placed into the custody of the United States Marshals Service and transported to this District for further proceedings. (ECF Doc. No. 150).

5. Mr. Vance submits that, notwithstanding the rebuttable presumption in favor of detention in certain circumstances where the court has considered, and found, probable cause that the defendant committed an offense with prescribed maximum terms of confinement, it is well-settled that defendants in criminal cases in the United States are presumed innocent until their guilt has been proven beyond a reasonable doubt. *Taylor v. Kentucky, 436 U.S. 478, 483, (1978), (*quoting *Coffin v. U.S.* 156 U.S. 432, 453 (1895) ("The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law").

6. The Government references a case, seemingly suggesting that it is materially similar to the instant case, in which "several defendants" who were charged in the Western District of Pennsylvania nonetheless had detention hearings in out-of-state districts, due to the locations of their arrest and subsequent detention.

7. The Government further cites six (6) individual defendants in that case who apparently had their out-of-state orders of release, as granted by the Magistrate Judges, stayed by the District Judge.

8. The Government's reference to a single criminal case in which the extraordinary request it now seeks was granted for six individuals with unique circumstances wholly separate and distinct from Mr. Vance's circumstances falls woefully short of demonstrating a routine practice, or establishing any kind of precedent.[1]

9. Stated briefly: Mr. Vance respectfully requests a detention hearing and an opportunity to rebut the Government's assertions in favor or pre-trial custody, and further requests that he be allowed to live at home under the pretrial conditions already imposed, and continue working prior to such hearing.

10. Mr. Vance is gainfully employed by the New York Daily News, based out of Jersey City, New Jersey. A copy of his paystubs is attached for this Honorable Court's review, and incorporated as *Defense Exhibit "A."*

11. Furthermore, a copy of Mr. Vance's work schedule is attached and incorporated as *Defense Exhibit "B."*

12. Following Judge Dickson's order releasing Mr. Vance from custody prior to trial, with a condition that Mr. Vance be subject to home detention, Mr. Vance has remained confined at his home, at the following address:

    **495 Parsonage Road
    Edison, NJ 08837.**

13. A copy of two utility bills – a bill from PSE&G and a bill from Optimum – are attached and incorporated as Defense Exhibits "C" and "D", respectively.

---

[1] The undersigned counsel reserves an opportunity to further review the circumstances of the case referenced by the Government in its motion. Should this Honorable Court grant the instant request to vacate its prior order staying Mr. Vance's release and instead schedule a hearing on this matter, undersigned counsel is confident that examples of facts that distinguish those cases from Mr. Vance's case will be presented to sufficiently differentiate these cases in favor of Mr. Vance's continued release, notwithstanding whatever details may have justified such detention in that case.

14. If released, Mr. Vance would be present at any and all hearings ordered by this Honorable Court.

15. Upon notice of these charges, Mr. Vance immediately retained the undersigned counsel in an effort to immediately address these accusations as expeditiously as possible.

16. Mr. Vance will readily and voluntarily relinquish his passport immediately upon request of this Honorable Court, to further demonstrate he is not a flight risk.

17. Additionally, Mr. Vance has asthma, a pre-existing medical condition. Amidst a global pandemic, it would put Mr. Vance's life at risk to detain him. A letter from Mr. Vance's healthcare provide, the Institute of Advanced Medicine, is attached as Defense Exhibit "E."

**WHEREFORE**, it is respectfully requested that this Court grant Defendant's Motion to Vacate Order Staying Release from Detention.

Respectfully submitted,

/s/ William J. Theisen_____
William J. Theisen, Esquire


/s/ Samir Sarna_____
Samir Sarna, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                             )<br>)<br>JAMES VANCE                          )<br>)<br>                  Defendant.         ) | Criminal Case No.: 20-347 |

**CERTIFICATE OF SERVICE**

    I, William J. Theisen, Esquire, hereby certify that the within Defendant's Motion to Vacate Order Staying Release from Detention was served via electronic filing on this 23rd day of November, 2020:

The Honorable Judge J. Nicholas Ranjan
U.S. Courthouse
700 Grant Street
Pittsburgh, PA  15219

Mark V. Gurzo, A.U.S.A.
U.S. Courthouse
700 Grant Street
Suite 4000
Pittsburgh, PA  15219

Respectfully submitted,

/s/ William J. Theisen _____
William J. Theisen, Esquire
Attorney for Defendant

/s/ Samir Sarna         _____
Samir Sarna, Esquire
Attorney for Defendant