IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>JAMES VANCE, )<br>)<br>Defendant. ) | 2:20-cr-347-21 |

## MEMORANDUM ORDER

Defendant James Vance was sentenced to a statutory mandatory minimum term of imprisonment of 120 months after he pled guilty via plea agreement to violating 21 U.S.C. § 846, conspiracy to distribute five or more kilograms of cocaine. ECF 519; ECF 626.  Mr. Vance now moves *pro se* to vacate that sentence and requests resentencing on grounds that his counsel failed to object to the inclusion of criminal history points for two state-law convictions for simple possession of marijuana in his Presentence Investigation Report, even though those convictions were expunged. ECF 1412; ECF 1413, p. 5.  This failure amounted to ineffective assistance of counsel, he argues, because it meant that his criminal history category was higher than it otherwise would have been, such that the Court "relied upon [an] erroneous guideline range" at sentencing.  ECF 1413, p. 5.  Had counsel objected and the points been removed, his Sentencing Guidelines range would have been 100 to 125 months of imprisonment.  *Id.*  The government opposes Mr. Vance's motion because it is untimely, and Mr. Vance has not shown due diligence or the existence of a newly discovered fact to excuse his untimeliness.  ECF 1422.  The Court denies the motion, for two reasons.

First, for the reasons articulated by the government in its response brief (ECF 1422), the Court finds that Mr. Vance's motion is untimely, and he has not demonstrated sufficient grounds to toll the statute of limitations.

Second, even if the motion were timely, it still fails because Mr. Vance cannot demonstrate prejudice from any alleged error by counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This is so because Mr. Vance's criminal history was irrelevant to the sentence; the Court was required to sentence Mr. Vance to a minimum of 120 months of imprisonment in this case. The Court stated as much at Mr. Vance's sentencing hearing. ECF 639, 11:8-9. Indeed, the Guidelines make clear that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). So even if the criminal history points had not been counted, the lowest bound of Mr. Vance's guidelines range would have been exactly the same: 120 months of imprisonment.

Accordingly, Mr. Vance did not suffer prejudice from counsel's failure to object to the PSR's criminal history score, and his claim for ineffective assistance is without merit. For the same reason, the Court denies Mr. Vance's motion for appointment of counsel (ECF 1423), and finds that no certificate of appealability will issue.

*    *    *

**AND NOW**, this **24th day of July, 2024**, upon consideration of Defendant James Vance's Section 2255 motion to vacate his sentence (ECF 1412) and related motion for appointment of counsel (ECF 1423), it is hereby **ORDERED** that, for the foregoing reasons, Defendant's motions are **DENIED**.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge